# NO. 12-22-00223-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *DARRYL GLENN DAVIS,*<br>*APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*
### *PER CURIAM*

Darryl Glenn Davis appeals his conviction for aggravated assault with a deadly weapon. Appellant's counsel filed a brief in compliance with *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969). We affirm.

## BACKGROUND

On April 5, 2021, Appellant and Clinton Smith, who knew each other through a mutual acquaintance for approximately a week, consumed alcohol and played dominoes and cards at a residence. The pair split and Smith arrived at a residence at 713 Boyd Street, Tyler, Texas. The owner of that home allowed Smith to park his pickup truck at the home and temporarily reside in the truck.

Later that same day, Deborah Eadson drove Appellant in her white sedan to 713 Boyd Street. Once there, Appellant confronted Smith, as Smith sat in his truck, regarding $40.00 Appellant claimed Smith owed him.

Smith claimed that he denied owing Appellant money. Appellant observed money in the dash of Smith's truck and became irritated. Appellant walked to Eadson's car, retrieved a tire iron, returned to Smith, and struck him on the head with the tire iron.

In contrast, according to Appellant, as the two disputed the debt, Smith attacked Appellant with a knife, and Appellant, finding a tire iron in the back of a nearby pickup truck, swung the tire iron wildly at Smith in self-defense and the tire iron struck Smith in the head. Appellant claimed that he wrestled with Smith, accounting for blood on Appellant's shirt, and after another person intervened, Appellant was able to run away from Smith.

Tyler Police Department Officers ultimately arrested Appellant. Appellant was indicted for aggravated assault with a deadly weapon.[1] The indictment also alleged that Appellant had two prior felony convictions, elevating his punishment level to that of a first-degree felony with a minimum imprisonment term of twenty-five years.[2] Appellant pleaded "not guilty" to the offense. Appellant executed a waiver of a jury trial, and the matter proceeded to a bench trial.

In addition to the above dueling accounts of the melee by Appellant and Smith, the evidence at trial showed that Tyler Police Department Officers responded to a 911 call of an assault occurring at the home. When Tyler Police Department Officer Caleb Westbrook arrived, he parked his vehicle behind Eadson's white sedan. He observed a man in the passenger seat, later identified as Appellant, discard objects from the open window that were subsequently revealed to be a used crack cocaine pipe and a small container of crack cocaine. The officer observed that Appellant wore a plaid shirt, just as described by the 911 caller. Appellant denied being involved in the fracas for which the officers were called, and initially denied tossing any objects out of the window.[3]

Officer Westbrook noticed that Appellant was sweating and out of breath. The officer observed a "decent" amount of blood on Appellant's shirt. The officers discovered a tire iron with human hair and blood in Eadson's white sedan near where Appellant had been seated when they first arrived. At the scene, officers observed fresh and bloody wounds on Smith's head. At trial, Appellant claimed that Smith "ran into" the tire iron as Smith attempted to stab Appellant.

---

[1] *See* TEX. PENAL CODE ANN. §§ 22.02(a) (West Supp. 2022).

[2] Aggravated assault with a deadly weapon as charged is usually a second-degree felony, punishable by imprisonment for a term of no less than two years and no more than twenty years. *See id*. §§ 12.33(a) (West 2019), 22.02(b). However, because Appellant pleaded "true" to the State's enhancement allegations regarding his prior felony convictions, the trial court could assess a punishment of either life imprisonment, or imprisonment for a term of no less than 25 years and no more than 99 years. *See id*. § 12.42(d) (West 2019).

[3] Appellant later admitted that the drugs and pipe belonged to him.

The evidence showed that Appellant struck the victim more than once in the head with the tire iron.

In contrast to Appellant's claim of self-defense, the trial court heard evidence that Appellant's physical description and shirt matched the information that the 911 caller provided to the dispatcher. The caller also described the assault on the phone as it occurred and did not mention that the victim had a knife or that he took any defensive action. Instead, the caller only referred to Appellant striking the victim in the head with a tire iron. Furthermore, in contrast to Appellant's account that a third person intervened, namely the homeowner at 713 Boyd Street, there was no testimony or other evidence to corroborate this alleged fact. The trial court also heard evidence that the trail of blood was only inside Smith's truck and in the vicinity of the truck, and no blood trail led towards Eadson's vehicle. In fact, the evidence showed that the vehicle was located approximately 100 feet away "down the road" from the victim's truck in the parking area of the home, allowing Appellant to escape rather than return to attack Smith.

The trial court, as the sole judge of the credibility of the witnesses, could have rationally concluded that Appellant returned to Eadson's vehicle, and instead of fleeing after escaping the alleged threat, he retrieved the tire iron, returned to Smith's vehicle, and struck him in the head with it. Smith consented to a search of his person, his truck, and the area around his truck. The officers also searched the curtilage around the home and did not find a knife of any sort. In conclusion, the trial court could have rationally inferred from this evidence that Appellant did not act in self-defense and committed the offense of aggravated assault with a deadly weapon.

After the bench trial, the trial court found Appellant "guilty" of the offense and made an affirmative finding that Appellant used or exhibited a deadly weapon during the commission of the offense. During the subsequent punishment hearing, Appellant pleaded "true" to both enhancement allegations. The trial court assessed Appellant's punishment at sixty years of imprisonment. This appeal followed.

## ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's counsel filed a brief in compliance with *Anders v. California* and *Gainous v. State*. Appellant's counsel states that he diligently reviewed the appellate record and is of the opinion that the record reflects no reversible error and that there is no error upon which an appeal can be predicated. He further relates that he is well-acquainted with the facts in this case. In

compliance with **Anders**, **Gainous**, and **High v. State**, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978), Appellant's brief presents a chronological summation of the procedural history of the case and further states that Appellant's counsel is unable to raise any arguable issues for appeal.[4]

Thereafter, Appellant filed a pro se brief in which he challenged the sufficiency of the evidence, particularly challenging the credibility of the witnesses and their substantive testimony. As part of this issue, Appellant appears to raise various evidentiary sub-issues such as his allegation that the 911 call was improperly authenticated and the trial court allowed inadmissible hearsay into evidence. He also alleges that the trial court had an improper bias against him, and that the State engaged in prosecutorial misconduct. We reviewed the record for reversible error and found none. *See* **Bledsoe v. State**, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

## CONCLUSION

As required by **Stafford v. State**, 813 S.W.2d 503 (Tex. Crim. App. 1991), Appellant's counsel moved for leave to withdraw. *See also* **In re Schulman**, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding). We carried the motion for consideration with the merits. Having done so and finding no reversible error, we grant Appellant's counsel's motion for leave to withdraw and affirm the trial court's judgment. As a result of our disposition of this case, Appellant's counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise him of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; **In re Schulman**, 252 S.W.3d at 411 n.35. Should Appellant wish to seek review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review on his behalf or he must file a petition for discretionary review pro se. Any petition for discretionary review must be filed within thirty days from either the date of this opinion or the date that the last timely motion for rehearing was overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3(a). Any petition for

---

[4] In compliance with **Kelly v. State**, Appellant's counsel provided Appellant with a copy of the brief, notified Appellant of his motion to withdraw as counsel, informed Appellant of his right to file a pro se response, and took concrete measures to facilitate Appellant's review of the appellate record. *See* **Kelly v. State**, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014).

4

discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4. *See **In re Schulman***, 252 S.W.3d at 408 n.22.

Opinion delivered July 31, 2023.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JULY 31, 2023**

**NO. 12-22-00223-CR**

**DARRYL GLENN DAVIS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 114th District Court

of Smith County, Texas (Tr.Ct.No. 114-0988-21)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, for which execution may issue, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*